IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                       :

FREDERICK E. WENDT HUGHES~~FILED & ENTERED~~  CASE NO. 04-06886(SEK)

DEBTORS                 :        CHAPTER 13

~~OCT 2 8 2005~~

---------------------------------

~~CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, P.R.~~

## OPINION AND ORDER

Before this court is a motion to dismiss with prejudice, enjoining Debtor from refiling pursuant to 11 U.S.C. § 109(g)(1). Debtor objects to the dismissal, and neither party has requested a hearing.  For reasons stated below, we dismiss the instant case pursuant to 11 U.S.C. §109(g)(1) with an increase in the bar for refiling allowed by 11 U.S.C. §§ 105(a) and 349 (a).

### Factual Background[1]

Frederick Wendt Hughes ("Debtor") has filed three previous voluntary petitions for bankruptcy entered as cases 95-04248, 00-13759, 03-13759.

In 1995, Debtor sought bankruptcy protection under Chapter 11 of the Code.[2]  We were able to confirm his Chapter 11 plan of reorganization on October 9, 1997, and entered the final decree based on substantial consummation[3] on March 2, 1998.

About two years later, Debtor again sought bankruptcy



---

[1]  This factual background is based on the contents of documents filed in the four bankruptcy cases filed by Debtor.

[2]  All references to the "Bankruptcy Code" or "Code" and all references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S. § 101, _et seq_.

[3]  See 11 U.S.C. § 1101(2).

protection under the Code's Chapter 13.  In response to a Trustee's motion to dismiss, Debtor filed a voluntary dismissal, which we granted on March 7, 2001, without confirming a plan. The case was closed and the Trustee was discharged on June 12th of that same year.

Two years later, Debtor filed his third petition for bankruptcy.  This time, the Trustee did not recommend confirmation of the proposed Chapter 13 plan as Debtor did not produce copies of his personal and Word Processing Center [Inc.]'s[4]  income tax returns, a residential lease, corporate by laws, and information concerning the proceeds from the sale of an apartment located in Las Olas Condominium.  Moreover, the Trustee indicated the proposed plan was insufficiently funded and failed the best interest of creditors test.[5]  On March 24, 2004, we ordered Debtor to show cause why the case should not be dismissed for his failure to obtain confirmation of a plan and unreasonable delay that was prejudicial to creditors under 11 U.S.C. §§ 1307(c)(1) &(4).  Debtor ignored this order, and we dismissed the case for his failure to reply on May 5, 2004.  After the final report and account in the dismissed case was filed, we discharged the Trustee and closed the case.

Mr. Wendt Hughes proceeded to file this fourth voluntary petition on June 30, 2004, fifty six days after the dismissal of

---

[4]  Debtor claims this is a corporation, a fact disputed by Weinstein-Bacal.

[5]  See 11 U.S.C. § 1325(a)(4).b

2

his third case.  Here, Debtor scheduled Weinstein-Bacal as having an unsecured nonpriority claim of $72,900 for professional services rendered during the Chapter 11 case.[6]  Debtor's Chapter 13 plan of June 17, 2004, calls for the Trustee to pay unspecified "secured arrears" to Weinstein-Bacal.  By January 21, 2005, we dismissed this case as Debtor once again had not filed income tax returns for the taxable years 2001-2003.  We reconsidered the dismissal, and proceeded with the confirmation of the plan mentioned above.  During the confirmation hearing, the Trustee again objected to the plan claiming Schedule I (where Debtor discloses his income), needed to be amended, a lease needed to be assumed, and liquidation value of the estate could not be determined without reliable evidence of the fair market value of realty located in University Gardens, P.R.  We ordered Debtor to comply with the Trustee's requests and produce an appraisal of the realty, amend Schedule I and assume or reject the lease in thirty days, or the case would be dismissed with a bar for refiling.  Debtor amended Schedule I and assumed the lease, but filed a " Motion Requesting Waive [sic] To file Appraisal of Building" for a number of reasons, ending in a request for a two month extension.  This extension of time has elapsed, and no appraisal has been filed.  In view of this



---

[6]  We approved Debtor's application for appointing Stuart Weinstein Bacal as his counsel and as counsel for his estate in the Chapter 11 case.  We approved Weinstein Bacal's  fees which Debtor did not pay in accordance with the confirmed Chapter 11 plan.  Weinstein Bacal is attempting to collect these fees in the local courts, these proceedings have been stayed by Debtor's filing the third and fourth bankruptcy petitions.

situation, Weinstein-Bacal filed the motion to dismiss with prejudice, which Debtor opposed, and the parties submitted.

### Discussion

A. Standing

Debtor contends Weinstein-Bacal does not have standing to request the dismissal of the case because he has not filed a proof of claim. Debtor raised this argument in a "perfunctory manner, unaccompanied by some effort at developed argumentation ...[cit. omitted], merely mention[ing this] argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). We could ignore this argument altogether, as "'Judges are not expected to be mind readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly' or else forever hold its peace." Zannino, 895 F.2d at 17-18. However, mindful that questions of standing should be resolved before considering the merits of a controversy, here we find that Weinstein-Bacal is a party in interest with standing to request the dismissal of this case.[7] The record shows there are no proofs of claims filed in this case, Weinstein-Bacal is the only scheduled creditor, and Debtor filed a plan calling for the Trustee to pay Weinstein-Bacal's "secured arrears".



---

[7] "[O]n request of a party in interest ... and after notice and a hearing, the court may ... dismiss a case under this Chapter, whichever is in the best interest of creditors and the estate, for cause, including - ...". 11 U.S.C. § 1307(c). convert or

Weinstein-Bacal does not need to file a proof of claim in order to have standing in this matter. The record shows he does have a pecuniary interest in this case which is sufficient for us to consider that he is a party in interest with standing to be heard on the issue of dismissal. In re Armstrong, 303 B.R. 213, 218 (10th Cir. BAP 2004); In re Lundahl, 307 B.R. 233, 240 (Bkrtcy. Utah, 2003).

B. Dismissal under 11 U.S.C. § 109(g)(1)

"11 U.S.C. § 109(g)(1) renders an individual ineligible for Chapter 13 within 180 days of the dismissal of the prior case (1) if the prior case was dismissed 'for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case' ... . Section 109(g) was added to the Code in 1984 to deal with perceived abuse of bankruptcy debtors filing serial cases to avoid foreclosure or to overcome an adverse outcome in a prior bankruptcy case." Keith M. Lundin, Chapter 13 Bankruptcy, 3d Ed. p. 21-1, (2000 & Supp 2004). "Willfulness is a question of fact, proof of which 'involves more than a mere failure to take some action. It has been said that willfulness may be established by: ... (3) our drawing adverse inferences from all circumstances attendant to the filing." Keith M. Lundin, Chapter 13 Bankruptcy at p. 22-2.



Our review of the factual background of the third case shows Debtor did not produce the financial records requested by the Trustee, did not correct plan's deficiencies pointed out by the Trustee, and did not answer our order to show cause. These

repeated failures by the Debtor caused us to dismiss that case for Debtor's failure to abide by orders.  This inaction shows a pattern of lack of diligence on the part of the Debtor sufficient for us to infer he willfully disregarded our order to show cause, so that the dismissal of the previous case triggered the 180 day prohibition of any new filings under 11 U.S.C. § 109(g(1).  Hence, Debtor cannot be eligible for bankruptcy relief under Chapter 13 in this case, as he filed this petition within 180 from entry of the order dismissing the third case.  Therefore, this case is dismissed without further ado.

C.  Bar for refiling beyond 180 days

Under 11 U.S.C. §§ 105(a) & 349(a) this court has the power to enjoin Debtor from refiling for one year.  3 <u>Collier on Bankruptcy,</u> ¶ 349.02[3], pp. 349-10-11 (15th ed. rev.); <u>In re Casse</u>, 198 F. 3d 327, 336-41 (2d Cir. 1999).

We believe a one year bar for refiling is appropriate here for two reasons.  First, Debtor did not produce financial information showing his good faith efforts to pay the Weinstein-Bacal's fees through the proposed plan filed in his third and fourth cases.  Second, we heard the tape of the fourth the confirmation hearing.  The colloquy during that hearing shows Debtor filed the fourth bankruptcy petition to stave off the collection action filed by Weinstein-Bacal in the local courts attempting to pay the fees owed through the proposed plan in this case.  Once Debtor failed to produce information needed to confirm the plan, he should no longer be afforded the privilege



of filing a fifth bankruptcy petition, until the State Court proceedings for collecting these fees have concluded.

WHEREFORE, this case is dismissed and Debtor is enjoined from filing another petition for bankruptcy relief under 11 U.S.C. §§ 101 *et seq.*, in any court with personal and subject matter jurisdiction for the next 365 days.

**SO ORDERED**, in San Juan, Puerto Rico, on October 28, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge