THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                              :
                                             :
FREDERICK EDWARD WENDT HUGHES                 : CASE NO. 04-06886 (SEK)
d/b/a WORD PROCESSING CENTERS                 :
                                             :
          DEBTOR                              : CHAPTER 13
                                             :
- - - - - - - - - - - - - - - - - - - - - - -

**FILED & ENTERED**

**MAR 1 2006**

**CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO**

OPINION AND ORDER

Before the court is Debtor's motion to set aside our judgment dismissing this case and enjoining him from filing of a new petition for bankruptcy for a period of one year.  Creditor Weinstein-Bacal opposes this request.  For the reasons stated below, we deny the motion, as Debtor did not meet his burden of showing we committed a manifest error of law or fact when dismissing this case.

DISCUSSION

It is well settled in this circuit that "a motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result, filed not later than 10 days from entry of judgment, will be deemed a motion to alter or amend under Fed. R. of Civ. P. 59(e).[1] *Appeal of Sun Pipe Line Company*, 831 F.2d 22,24 (1st Cir. 1987); *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821 (1988); *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510,1513-1514 (1st Cir. 1991); *Feinstein v. Moses*, 951 F.2d



---

[1] Fed. R. of Bankr. P. 9023 makes Fed. R. of Civ. P. 59 applicable to bankruptcy proceedings except as provided in Bankruptcy Rule 3008; exception that is not applicable to the controversy at hand.

2

16, 19 n. 3 (1st Cir. 1991). Our judgment dismissing this case was entered on October 28, 2005. Debtor's motion was filed that same date. Debtor questions the correctness of our decision to dismiss this case with a bar to re-file. Thus, we will treat Debtor's motion as one filed under Rule 59(e).

In order to be successful on a Rule 59(e) motion, the moving party must establish a manifest error of law or fact, or must present newly discover evidence. *Landrau- Romero v. Banco Popular de P.R.*, 212 F.3d 607, 612 (1st Cir. 2000). A Rule 59(e) motion cannot be used to cure its procedural defects, nor to offer new evidence or raise arguments that could and should have been presented originally to the court. *Aybar v. Crispin- Reyes*, 118 F. 3d 10, 16 (1st Cir. 1997). To meet the threshold requirements of a successful Rule 59(e) motion, the motion "must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision. *In the matter of Pabon Rodriguez*, 233 B.R. 212, 219 (Bankr. P.R. 1999) (citations omitted).

This is Debtor's fourth petition for bankruptcy. At first, Debtor sought protection under Chapter 11 of the Code.[2] In that case the Plan was confirmed and we entered a final decree based on substantial consummation. Debtor filed the other three petitions under Chapter 13. We granted Debtor's motion to voluntarily



---

[2] All references to the "Bankruptcy Code" or "Code" and all references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S. § 101, *et seq.*

3

dismiss his first Chapter 13 case. Two years later, Debtor filed his second Chapter 13 case. This time, we dismissed the case for Debtor's failure to obtain confirmation of the plan and his non compliance with our order to show cause. Approximately two months later, he filed the instant case which we dismissed based on 11 U.S.C. § 109(g)(1).[3] Debtor now challenges this dismissal on two grounds. First, he claims he answered the request for dismissal in a timely manner. Second, he claims to have complied with all the orders and requests from this court in this case in a timely manner.

We dismissed this fourth case because the record of Debtor's third bankruptcy case shows he repeatedly failed produce financial information requested by the Trustee and ignored our order to show cause.[4] His pattern of lack of diligence was sufficient for us to infer he willfully disregarded the order to show cause. We also found that in the fourth case Debtor did not produce an appraisal report requested by the Trustee to determine liquidation value needed to confirm the plan. Hence, we concluded he should not be eligible for Chapter 13 protection by filing another bankruptcy petition, before the 180 days had elapsed and the Insular court could rule on a pending proceeding involving the



---

[3] As pertinent, 11 U.S.C. § 109(g)(1) provides "...no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-- (1) the case was dismissed by the court for a willful failure of the debtor to abide by the orders of this court...".

[4] We incorporate our opinion dismissing the fourth case with a bar for refiling.

4

Debtor, stayed by his multiple unsuccessful filings. Hence, we dismissed this case for reasons that are completely different from those Debtor poses in the motion to alter or amend the dismissal. Furthermore, the motion to alter or amend does not challenge our view of the facts and law which served as the basis for the dismissal of this case under Code § 109(g)(1).

WHEREFORE, the motion to alter or amend judgment is denied as it does not set forth grounds which show our dismissal of this case was factually or legally erroneous.

SO ORDERED, in San Juan, Puerto Rico, March 1, 2006.

SARA DE JESUS
U.S. BANKRUPTCY JUDGE